# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ERIC DONABY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:16-CV-386-JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Eric Donaby to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Movant pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 841(B) (1) (c). He was sentenced on July 16, 2013, to 108 months' imprisonment and 3 years of supervised release. Movant did not appeal. Movant seeks relief from his conviction and sentence on the ground of ineffective assistance of counsel in failing to investigate a prior felony.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) The date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and subject to summary dismissal. Movant's conviction became

final in 2013, but he did not file this motion to vacate until March 16, 2016, the date on which movant indicates he placed the motion in the prison mailing system. Thus, it appears that the instant motion to vacate is untimely.

Movant claims that his motion should be considered timely because he was "unable to research his case with federal law." Movant's assertion is insufficient to equitably toll the limitations period in this case. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling proper only when extraordinary circumstances beyond prisoner's control make it impossible to file timely petition).

Because movant has not advanced an explanation that would warrant tolling of the one-year statute of limitations, the Court will order him to show cause within thirty days of the date of this Order as to why this matter should not be dismissed as untimely. Movant is warned that if he does not respond to this Order by the deadline set forth below, his motion will be dismissed without further notice to him.

Respondent will not be ordered to respond to the motion to vacate at this time.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause in writing within thirty (30) days of the date of this Order as to why his motion to vacate should not be dismissed as time-barred.

Dated this 23rd day of March, 2016.

_/s/ John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE