UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ERIC DONABY, | ) | |
| --- | --- | --- |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-386-JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of movant's response to show cause why this action should not be dismissed as untimely [Doc. 3].[1] For the reasons set forth below, the Court concludes that movant's arguments do not justify the extraordinary remedy of equitable tolling, and the instant action will be dismissed as time-barred pursuant 28 U.S.C. § 2255(1).

In his response to show cause, movant argues that circumstances beyond his control warrant the tolling of the one-year statute of limitations. More specifically, movant contends that (1) he was unable to research his

---

[1] On March 23, 2016, this Court entered a Memorandum and Order, adopted herein by reference, instructing movant to show cause why the Court should not dismiss the instant motion to vacate, set aside, or correct sentence as time-barred [Doc. 2].

ineffective-assistance-of-counsel claim while incarcerated at Menard Correctional Institution and Big Muddy Correctional Institution, because the State of Illinois had "limited Federal law material," and all the "legal books were outdated"; (2) "staff regularly confiscated and held [his] legal work due to the size of the cells and limitations of property"; (3) after being sentenced in federal court on July 16, 2013, he returned to state custody, and "the law clerk at Menard" told him "he had one year to file his § 2255 once he was in federal custody"; (4) he filed his § 2255 motion to vacate within one year of his transfer to federal custody in August 2015, and therefore, it is timely; (5) if "this court rules that [his] claim is untimely he will suffer further injury to his pending contemplated legal claims; (6) "in May of 2014 a staff member . . . came and took all of [movant's] property as a retaliation due to the amount of cigarettes found in the prison"; (7) "the Illinois prison officials denied him access to federal books and a copy of the Antiterrorism and Effective Death Penalty Act (AEDPA)"; (8) defense counsel was ineffective for allowing movant "to be enhanced for a nonexistent drug trafficking offense"; and (9) his "claim involves off-the-record events that occurred at various Illinois State Prison facilities."

**Discussion**

After carefully considering movant's equitable tolling arguments, the Court concludes that he has failed to meet his burden of establishing grounds to justify tolling in this case. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) The date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The AEDPA's one-year statute of limitations is mandatory, absent a showing of extraordinary circumstances. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling proper only when extraordinary circumstances beyond prisoner's control make it impossible to file timely petition). A movant is entitled

to equitable tolling of the statute of limitations if he demonstrates (1) that he pursued his rights diligently; and (2) that some extraordinary circumstance stood in his way that prevented timely filing. *Holland v. Florida*, 130 S. Ct. 2549 (2010). The burden of establishing grounds that warrant equitable tolling rests with the prisoner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Conclusory allegations are insufficient. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *see also Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) ("[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence."). Ignorance of the law and lack of legal experience typically do not excuse an untimely filing, even for a pro se incarcerated prisoner. *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of the law, including existence of AEDPA, insufficient to warrant tolling).

After careful consideration of movant's tolling arguments, the Court finds that he has failed to demonstrate he pursued his rights diligently and that an extraordinary circumstance stood in his way and prevented the timely filing of this habeas corpus action. Movant does not contend that he was ignorant of the one-year statute of limitations governing federal habeas proceedings. Rather, he argues that the State of Illinois created an impediment by virtue of the lack of

4

library resources and/or access to a law clerk and that "the law clerk at Menard" told him the limitations period would not commence until he returned to federal custody in August 2015. Generally, however, conditions unique to prison confinement, such as lockdowns, transfers, and restricted access to a prison library, do not qualify as extraordinary circumstances. *See, e.g., Williams v. LaMarque*, 2002 WL 1766576 (N.D. Cal. 2002) (equitable tolling not allowed based on inadequate prison law library where petitioner was told by his attorney there was a one-year deadline). Moreover, it is of no consequence to the issue of tolling that a Menard law clerk erroneously told movant the limitations period would not commence until he was transferred to federal custody. *Cf. Chaffer v. Prosper*, 592 F.3d 1046, 1048-49 (9th Cir. 2010) (the fact that petitioner relied on an inmate law clerk in drafting his state petition did not relieve petitioner from complying with the law).

Moreover, the United States Supreme Court has stated that "the Constitution does not require that prisoners . . . be able to conduct generalized research, but only that they be able to present their grievances to the court." *Lewis v. Casey*, 518 U.S. 343, 360 (1996). The type of ineffective assistance claim that movant had against his attorney required little or no legal research, and, more importantly, movant does not contend that he was prevented from sending mail to federal court, and he does

not assert facts that demonstrate how he allegedly was prevented from preparing his habeas motion. *See Muhammad v. U.S.*, 735 F.3d 812, 815-17 (8th Cir. 2013) (no tolling where movant did not claim he was prohibited from contacting the court or that he was denied any mail sent from the court; equitable tolling is not proper when an unrepresented prisoner claims lack of legal resources).

Movant's remaining grounds for tolling are conclusory. He has failed to show how the alleged absence of legal materials in the Illinois prison libraries was the cause of his failure to file a timely habeas motion. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (prisoner must show how alleged library shortcomings hindered his efforts to pursue his claim); *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007) (rejecting petitioner's impediment claim based on a lack of adequate library and legal aids to assist in research where it was not shown how these inadequacies hindered his efforts to pursue habeas relief). In addition, movant has failed to provide the specific time periods he claims he was adversely impacted by "government action." For example, he summarily states that the "staff regularly confiscated and held [his] legal work due to the size of the cells and limitations of property." Movant's conclusory allegations are insufficient to justify equitable tolling. *See Miller v. Marr*, 141 F.3d at 978; *Akins v. U.S.*, 204 F.3d 1086, 1089 (11th Cir. 2000); *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007)

(lack of access to case law during relevant time period was not an impediment for purposes of statutory tolling because there was no showing it prevented petitioner from filing his petition); *cf. Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003) (petitioner failed to supply "the necessary details concerning his hospitalizations, such as when and for how long and at what stage of the proceedings they occurred, so as to allow a determination of whether they could have interfered with his ability to file his § 2254 application in a timely manner."); *Posada v. Schomig*, 64 F. Supp. 2d 790, 795 (C.D. Ill. 1999) (no tolling where petitioner failed to identify dates of prison lockdown and failed to show lockdowns were the cause for his not filing timely petition); *Hizbullah-Ankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001) (no causal connection between period in solitary confinement and failure to file timely petition). For these reasons, the Court will dismiss this case as time-barred.

Therefore,

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to respondent, because the instant 28 U.S.C. § 2255 motion is time-barred.

**IT IS FURTHER ORDERED** that movant's motion pursuant to 28 U.S.C. § 2255 is **DENIED AND DISMISSED** as time-barred.

**IT IS FURTHER ORDERED** that movant is **DENIED** a certificate of appealability if he appeals this Order of Dismissal.

Dated this 18th day of April, 2016.

                                          */s/ John A. Ross*
                                          **JOHN A. ROSS**
                                          **UNITED STATES DISTRICT JUDGE**